J-S57032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALI ELIJAH DAVIS | |
| Appellant | No. 973 EDA 2015 |

Appeal from the Order Entered February 17, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0002141-2008

BEFORE:  MUNDY, OTT, and STABILE, J.J.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 25, 2015**

Appellant, Ali Elijah Davis, appeals *nunc pro tunc* from the February 17, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act. ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Counsel has filed a brief and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (1988) (*en banc*). We remand for further proceedings, and deny counsel's petition to withdraw.

On January 25, 2010, a jury found Appellant guilty of three counts of first-degree murder and one count of conspiracy to commit murder.[1]  On January 27, 2010 the trial court imposed three consecutive life sentences for the three murder convictions.  This Court affirmed the judgment of sentence

_____

[1]  18 Pa.C.S.A. §§ 2502(a) and 903(a)(1).

on July 18, 2011. The Pennsylvania Supreme Court denied allowance of appeal on May 30, 2012. Appellant filed a timely first PCRA petition on July 30, 2012, alleging ineffective assistance of trial counsel. The PCRA court appointed counsel and conducted a hearing on January 15, 2014. The PCRA court dismissed the petition on February 17, 2014. Appointed counsel did not file a timely appeal.

The PCRA court described the subsequent procedural history as follows:

> On May 27, 2014, [Appellant] filed a *pro se* 'Petition to File Nunc Pro Tunc Appeal to the Superior Court.' In his *pro se* petition, [Appellant] alleged that [appointed counsel] failed to inform him of the dismissal of his PCRA petition on February 14 [sic], 2014. As a correlation thereto, [Appellant] averred that counsel was ineffective in failing to 'take further action' and file an appeal from the dismissal of his PCRA. This Court entered an Order on June 4, 2014, granting [Appellant's] *pro se* petition, permitting the withdrawal of [appointed counsel] as counsel of record for [Appellant], and appointing appellate counsel, Robert Sletvold, Esquire. Additionally, the Order provided that [Appellant] shall have twenty (20) days to perfect his Nunc Pro Tunc Appeal.
>
> On June 23, 2014, this Court received correspondence from Attorney Sletvold that a conflict of interest precludes his representation of [Appellant] in his appeal from the dismissal of the PCRA. The twenty-day period within which to perfect an appeal had lapsed and, as a result, this Court entered an order on June 27, 2014, appointing Lisa Spitale, Esquire, to represent [Appellant]. On September 5, 2014, Attorney Spitale filed an Application for Permission to Appeal Nunc Pro Tunc with the Superior Court. Said petition was denied by the Superior Court on September 23, 2014. In its Order, the Superior Court denied [Appellant's] petition 'without prejudice to Petitioner's right to apply for relief in the trial court via the [PCRA].

PCRA Court Opinion, 3/12/15.

On December 8, 2014, Appellant filed a second *pro se* PCRA petition, alleging, among other things, that counsel was ineffective for failing to file an appeal from the February 17, 2014 order dismissing his first petition. The PCRA court appointed new counsel and conducted a hearing on February 11, 2015. The PCRA court entered an order granting a *nunc pro tunc* appeal from the February 17, 2014 order. Thereafter, counsel filed this purported *nunc pro tunc* appeal from that order.

Appointed counsel has filed a petition to withdraw, purportedly pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). On multiple occasions, this Court has explained that the **Anders**/**Santiago** procedure does not apply on collateral review:

> Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988). Similar to the **Anders** situation, **Turner/Finley** counsel must review the case zealously. **See Commonwealth v. Mosteller**, 430 Pa. Super. 57, 633 A.2d 615, 617 (1993). **Turner/Finley** counsel must then submit a 'no-merit' letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).
>
> Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006).

> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. *Mosteller*, 633 A.2d at 617. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/ Finley* request or an advocate's brief. *Karanicolas,* 836 A.2d at 948.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). Despite counsel's adherence to *Anders*, his filing is largely technically compliant with the dictates of *Turner*/*Finley*.[2] We nonetheless deny counsel's petition to withdraw, as our review of this case reveals a jurisdictional issue that requires a remand for PCRA court fact finding.

Pennsylvania courts have no jurisdiction to entertain untimely PCRA petitions. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Jurisdictional time limitations are not subject to equitable exceptions and a court has no authority to extend them except as the statute permits." *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). A PCRA petition is timely if the petitioner files it within one year of the date on which the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b). On direct

---

[2] We nonetheless remind counsel to examine carefully the law governing *Turner*/*Finley* procedure before filing another such petition.

appeal, our Supreme Court denied Appellant's petition for allowance of appeal on May 30, 2012. Appellant did not file the instant petition until December 8, 2014 and therefore it is facially untimely. Appellant did not attempt to plead and prove any of the exceptions set forth in § 9545(b)(1)(i-iii). The PCRA court therefore had no jurisdiction to order relief based on the December 8, 2014 petition.[3]

Nonetheless, a remand is necessary in light of Appellant's *pro se* May 27, 2014 petition. Pursuant to binding authority, a petition for permission to file a *nunc pro tunc* appeal is itself a PCRA petition. **Commonwealth v. Johnson**, 841 A.2d 136, 139 (Pa. Super. 2003), *appeal denied*, 858 A.2d 109 (Pa. 2004). Further, it appears that petition remains pending, as the PCRA court entered an order permitting Appellant to file a *nunc pro tunc* appeal, but the first appointed counsel had a conflict and the second erroneously filed an application with this Court. The December 8, 2014 PCRA petition, filed before the final resolution of the May 27, 2014 petition, was a nullity. A petitioner cannot file a second or subsequent PCRA petition until the final resolution of a prior pending petition. **Commonwealth v.**

---

[3] Our September 23, 2014 order denying Appellant's application and directing him to proceed under the PCRA did not excuse the PCRA court from consideration of the PCRA's jurisdictional timeliness requirements. Nor did we authorize a second, untimely petition. We have no authority to create exceptions to the PCRA's timeliness requirements. **Bennett**, 930 A.2d at 1267. Our directive merely recognized that, at this juncture, the PCRA provides Appellant's sole means of obtaining any available relief.

*Callahan*, 101 A.3d 118, 122-23 (Pa. Super. 2014) (quoting *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000)).

The May 27, 2104 petition, filed two years after our Supreme Court denied allowance of appeal on direct review, is facially untimely. The *Bennett* Court held that a petitioner's discovery of counsel's failure to perfect an appeal from an order dismissing a PCRA petition—precisely what Appellant alleged in his May 27, 2104 petition—can qualify for the timeliness exception of § 9545(b)(1)(ii) (discovery of previously unknown facts). *Bennett*, 930 A.2d at 1272. *Bennett* applies if the petitioner can plead and prove the applicability of § 9545(b)(1)(ii) and if he filed his petition within 60 days of the date on which the claim could have been presented. *Id.*; 42 Pa.C.S.A. § 9545(b)(2). Based on the foregoing, we will remand this case for further proceedings to determine whether Appellant can plead and prove that his May 27, 2014 petition meets the timeliness exception of § 9545(b)(1)(ii) and (2) in accordance with the law governing those subsections, particularly *Bennett* and its progeny. If Appellant succeeds, the PCRA court may permit counsel to file a *nunc pro tunc* appeal from the February 17, 2014 order. If Appellant fails, the PCRA court must enter an order dismissing the May 27, 2014 petition as untimely. Presently we have no occasion to affirm or vacate the February 17, 2014 order that is purportedly the subject of this appeal.

Case remanded. Petition to withdraw denied. Jurisdiction relinquished.

Judge Ott joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/2015